PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CV2366 |
| | ) | (1:18CR331-25) |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TRAMAINE MICKEY WRIGHT, | ) | |
| | ) | **ORDER** |
| Defendant/Petitioner. | ) | [Resolving ECF No. 680] |

Pending before the Court is Petitioner Tramaine Mickey Wright's Motion to Vacate, Set-Aside, or Correct Sentence Under 28 U.S.C. § 2255. ECF No. 680. The motion has been fully briefed (ECF Nos. 696, 699) and the Court held an evidentiary hearing[1] on the matter. At the hearing, counsel[2] presented argument and the Court heard testimony from Petitioner and Jasmine Cruz. For the following reasons, Petitioner's motion to vacate (ECF No. 680) is denied.

### I. Background

On June 21, 2018, Petitioner was indicted and charged, alongside co-defendants, with Conspiracy to Possess With Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846 (Count 1). ECF No. 1.

---

[1] With respect to a petitioner's § 2255 motion, an evidentiary hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

[2] Assistant U.S. Attorney Robert F. Corts on behalf of the Government and Attorney Edward J. Hartwig for Defendant.

(1:19CV2366)
(1:18CR331-25)

Petitioner was also charged with Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 11).  *Id.*  Petitioner pled guilty to both counts without a plea agreement.  *See* ECF No. 346.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing.  ECF No. 566 [SEALED].  The PSR classified Petitioner as a career offender under U.S.S.G. § 4B1.1 because the instant offense is a felony "controlled substance offense" under U.S.S.G. § 4B1.2(b) and Petitioner had two prior convictions for drug trafficking, in violation of Ohio Rev. Code § 2925.03(A)(1).  Defense counsel filed an objection to the PSR.[3]  Petitioner was assigned a total offense level of 31 and a criminal history category of VI.  His resulting Guidelines range was 188 to 235 months.  At sentencing, on April 18, 2019, the Court determined Wright was a career offender and varied downwards after considering the Section 3553(a) factors, and imposed a sentence of 77 months.  ECF Nos. 651, 570.  Petitioner did not appeal his sentence.

## II. Standard of Review

Section 2255 of Title 28, United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[3] Specifically, Petitioner objected to the classification of his role in the offense under U.S.S.G. § 3B1.2.

(1:19CV2366)
(1:18CR331-25)

To prevail on a motion to vacate under Section 2255, the movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Generally, sentencing challenges not made on direct appeal are waived and cannot be made for the first time in a post-conviction § 2255 motion. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland v. Washington*."[4] *Id*.

### III. Law & Analysis

Petitioner alleges that Attorney Brian M. Pierce's performance amounted to ineffective assistance of counsel because Pierce failed to file a direct appeal on Petitioner's behalf despite Petitioner's instructions to do so. ECF No. 680 at PageID #: 5760. Petitioner also argues that, in light of *United States v. Havis*[5], his prior state offenses are not controlled substances offenses, and that had Pierce filed a timely notice of appeal, his sentence would be eligible for direct review under *Havis*. *Id*.

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

[5] *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*) (finding sentencing guidelines' definition of "controlled substance offense" did not include attempt crimes).

(1:19CV2366)
(1:18CR331-25)

## Standard for Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided the petitioner can demonstrate counsel's ineffectiveness "by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."). To establish ineffective assistance of counsel, the petitioner must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Next, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id*.

Counsel's performance is deficient when the representation falls below an "objective standard of reasonableness." *Id.* at 688. A petitioner must overcome the strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Not all errors by counsel are constitutional violations. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* The Court is not invited simply to "second-guess" trial counsel's assistance, and it is obligated to "indulge a strong presumption" that counsel's conduct was reasonable. *Id.*

Furthermore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

(1:19CV2366)
(1:18CR331-25)

judgment." *Id.* at 691.  To satisfy the prejudice requirement of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  The failure to satisfy either requirement is fatal to an ineffective-assistance claim. *Id.* at 697.

The Supreme Court and Sixth Circuit have considered when counsel's failure to file a direct appeal constitutes ineffective assistance of counsel.  First, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Consistent with *Flores-Ortega*, the Sixth Circuit has held that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)).  Second, when counsel has simply not consulted with the defendant, the court must ask whether that "failure . . . itself constitutes deficient performance." *Flores-Ortega*, 528 U.S. at 471; *see also Thompson v. United States*, 42 F. App'x 766, 767 (6th Cir. 2002) ("To show his attorney performed deficiently, Thompson would need to demonstrate either (1) that the attorney disregarded his instructions to file a notice of appeal, or (2) that the attorney failed to consult with him about an appeal when counsel knew or would have known that he might want to appeal.").

**Analysis**

(1:19CV2366)
(1:18CR331-25)

Petitioner was sentenced to 77 months of incarceration, below the 151-188 guidelines range, on April 18, 2019.  This guidelines range was based on, *inter alia*, Petitioner's status as a career offender.  Under *Havis*, which was decided 49 days after sentencing, on June 6, 2019, Petitioner likely would not have been designated a career offender, and his guidelines range likely would have been calculated at 30-37 months.  *Havis*, in which an *en banc* panel of the Sixth Circuit overturned prior binding precedent as to who qualifies as a career offender, is only applicable on direct review, not collateral review.  *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) (citing *Snider v. United States*, 908 F.3d 183, 189-91 (6th Cir. 2018)), *cert. denied*, 140 S. Ct. 2786 (2020).  Accordingly, Plaintiff would only receive the benefit of *Havis* if demonstrates that his attorney at sentencing refused to follow his instruction to file a notice of appeal.  Had the notice of appeal been filed, Petitioner likely would have been eligible for resentencing under the more favorable rule announced in *Havis*.

In his § 2255 petition, Petitioner asserts that he "repeatedly instructed his attorney to timely file the notice of appeal." ECF No. 680 at PageID #: 5760, ¶ 1.  In his reply, he proffers a declaration stating that he requested Attorney Pierce to file a notice of appeal.  Petitioner notes in his declaration that: "Mr. Pierce indicated to me that in his opinion, an appeal of the conviction and sentence would be a waste of time" and "I wished to timely [appeal]." ECF No. 699-1 at PageID #: 6344.  At sentencing, the Court informed Petitioner of his right to appeal, the time frame within which a notice of appeal had to be filed, and that counsel would be appointed free of charge if he sought to pursue an appeal.  ECF No. 651 at PageID #: 5378.  Attorney Pierce affirmed to the Court that he would assist Petitioner in timely filing a notice of appeal should

(1:19CV2366)
(1:18CR331-25)

Petitioner request that such a notice be filed.[6] *Id*. Because Attorney Pierce is unable[7] to testify, the Court is left to make a credibility determination based, almost exclusively, on Petitioner's evidence. The Court finds that Petitioner's evidence is subject to two fatal flaws. First, Petitioner's evidence, even if credited, does not clearly establish that Attorney Pierce was asked to file a notice of appeal within the 14-day time period. Second, the Court finds that Petitioner's evidence is not credible.

At the hearing, Petitioner explained that he had not communicated with former counsel directly concerning the appeal, but that the mother of his children, Jasmine Cruz, discussed the issue with counsel. The timing of these conversations was not discussed with clarity by either witness. Cruz and Petitioner describe their own conversation concerning the filing of a notice of appeal as occurring at least a week after sentencing, and Cruz describes her conversation with counsel as occurring at least several days after that. Cruz contends that she attempted to contact counsel at his office, but was unable to, and so obtained his cell phone number from Petitioner. Cruz asserts that she spoke, by phone, to counsel about filing a notice of appeal, and that these conversations would be corroborated by later text messages in which counsel would assert that an appeal would not be in Petitioner's best interest.

Cruz testified at the hearing that she was unable to produce these corroborative text messages because they were stored on an old phone that she had given to her daughter.

---

[6] When questioned at the time of sentencing, Attorney Pierce answered that he would file any requested appeal. *See* ECF No. 696 at PageID #: 6333.

[7] Attorney Pierce is deceased. His recent untimely death has rendered him unavailable to testify as to the underlying facts of this matter.

(1:19CV2366)
(1:18CR331-25)

According to Cruz, unbeknownst to her, her daughter "bricked" the phone, by changing the passcode to an unknown number, rendering it inaccessible. Cruz only discovered that her daughter had disabled the phone when she was contacted by new counsel regarding this case. She asserts that she endeavored to gain access to the phone by consulting with local electronics repair shops. She was unsuccessful, and proceeded to sell the phone for parts in advance of the hearing. Neither Petitioner nor Cruz produced any phone records showing calls between her phone number and prior counsel's office or personnel cell phone. Cruz denied any knowledge of the *Havis* case prior to the hearing.

Petitioner testified that he desired to file a notice of appeal just to exercise his right to do so, not because he has identified an issue that, within the 14-day appeal period, would have been meritorious (or arguable) under existing precedent.[8] While he asserts that he disagreed with his career offender designation, his feelings were based on policy considerations rather than interpretations of then-existing precedent.

---

[8] While prejudice might be established here, in light of the timing of *Havis*, and the unique timing at issue in this case, a lack of any asserted rational basis for appeal can defeat a Strickland claim based on a lack of prejudice. *See Thompson*, 42 F. App'x at 768; *see also Peace v. United States*, 2015 WL 4508831, at *4 (N.D. Ohio July 24, 2015) (finding no prejudice when a "rational defendant" would not have desired an appeal and when there were no nonfrivolous grounds for appeal). The Court is unable to find that a rational defendant would have wanted to appeal in this case. *Flores-Ortega*, 528 U.S. at 480. Petitioner pleaded guilty to serious federal drug trafficking charges and received a significantly below Guidelines sentence–over 100 months below the recommended Guidelines range. At the time of sentencing, there were no existing nonfrivolous grounds for lodging an appeal on his behalf. *See Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986) ("An Attorney is not required to present a baseless defense or to create one that does not exist.").

(1:19CV2366)
(1:18CR331-25)

The Court also notes that Petitioner, as well as family and friends, including Cruz, have not hesitated to reach out to the Court, off the docket, regarding this matter.  As the Court explained during the hearing, it received numerous letters both before and after sentencing, concerning this matter from interested individuals.[9]  None of those letters express dissatisfaction with prior counsel's performance, or make any reference to Petitioner's desire to exercise his appellate rights.  Most notably, a letter from Cruz, mailed in September 2020, urging the Court to consider releasing Petitioner based on concerns related to the COVID-19 pandemic, makes no reference to Petitioner's desire to appeal, or the conversations and text messages she now asserts she personally exchanged with prior counsel.[10]

The Court finds Petitioner's self-serving declaration, coupled with the lack of specificity concerning when any alleged conversations with prior counsel occurred, and the lack of any identifiable basis for an appeal, fails to meet the preponderance of the evidence standard to establish deficiency in counsel's representation.  Petitioner has not established specific facts undermining counsel's stated intention to the Court and also fails to state any basis he would have asserted in an appeal of his sentence.  While Mr. Pierce's recent passing rendered him unavailable to testify, the Court finds his initial representation, that he would file a notice of appeal if directed to, reliable, and not reliably contradicted by the evidence Petitioner has chosen to put forth.

---

[9] The Court described these letters on the record at the hearing, and offered to file these letters on the docket (with restricted access) for counsel's review, but counsel for both sides declined the offer.

[10] The letter was mailed after Petitioner filed his § 2255 motion, but before he informed the Court that Cruz played any role in the conversations with prior counsel.

(1:19CV2366)
(1:18CR331-25)

Accordingly, Petitioner has failed to demonstrate by a preponderance of the evidence that counsel's representation was deficient. Specifically, Petitioner has failed to convince the Court that counsel acted in derogation of his request to file an appeal, that he would have timely appealed his sentence, and that any grounds of appeal, under the law as it existed at the time of sentencing and during the 14-day appeal window, were nonfrivolous. *Thompson*, 42 F. App'x at 769. Given the record, there is no basis for finding that counsel was ineffective within the meaning of *Strickland*.

### IV. Conclusion

For the foregoing reasons, Petitioner Tramaine Mickey Wright's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 680) is denied.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).


IT IS SO ORDERED.


   August 31, 2021             /s/ Benita Y. Pearson
Date                         Benita Y. Pearson
                             United States District Judge